IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR19 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ADU-ANSERE KWAME OKAI, | ) | |
| | ) | |
| Defendant. | ) | |

The government and counsel for defendant Adu-Ansere Kwame Okai appeared before this court on October 20, 2006, for defendant's resentencing on remand from the United States Court of Appeals for the Eighth Circuit.  Defendant did not appear at this hearing because he was undoubtedly in Ghana after being deported.  At the resentencing hearing, the court asked the parties to brief the issue of whether the court could resentence a deported defendant in absentia.  The court ordered briefs due November 17, 2006, and scheduled further hearing for December 8, 2006.  After reviewing the law and considering the parties' respective briefs, Filing Nos. 66 & 68, the court enters this memorandum and order obviating the need for further hearing.

Defendant, a citizen of Ghana, entered the United States on a student visa in September 1996.  Filing No. 66 (government's brief on dismissal following deportation). Defendant overstayed his visa and self-deported on March 3, 2004.  *Id.*  In Ghana, defendant allegedly obtained a counterfeit passport with a false name, reentered the United States, and obtained a counterfeit resident alien card.  *Id.*; Filing No. 56, Transcript, 12:3-13:2.  Defendant was subsequently indicted for uttering counterfeit obligations with intent to defraud (Count I) in violation of 18 U.S.C. § 472, and unlawful possession of counterfeit

currency (Count II) in violation of 18 U.S.C. § 1028(a)(6).  Filing No. 1.  On April 13, 2005,

defendant pleaded guilty to Count I of the indictment, and the court sentenced defendant

to a term of eight months' imprisonment and three years' supervised release.  Filing No. 17,

24.  The government filed a notice of appeal regarding this judgment, and the Eighth Circuit

subsequently granted the government's motion to dismiss.   Filing Nos. 28, 39, 40.

Defendant then pleaded guilty to Count II of the indictment and received a sentence of

seven months and three years' supervised release, to run concurrently with the sentence

imposed on Count I.  Filing No. 34.

On August 22, 2005, the court entered its judgment and memorandum opinion

regarding defendant's sentence, and the court denied the government's motion for

reconsideration of the sentence imposed.  Filing Nos. 45, 43, 44, 41, 42.  After defendant

completed his sentence, the Bureau of Immigration and Customs Enforcement deported

defendant back to Ghana on September 21, 2005.  Filing Nos. 66, 68.  Defendant allegedly

remained in Ghana (and continues to remain in Ghana) while the government pursued an

appeal challenging the sentence imposed by this court.  Filing No. 48.  The Eighth Circuit

denied defendant's motion to dismiss the appeal, finding that if defendant reentered the

United States after this court imposed a longer term of imprisonment on remand, defendant

would be exposed to further incarceration, thus rendering the appeal justiciable.  *United*

*States v. Okai*, 454 F.3d 848, 850 n.2 (8th Cir. 2006)*.*

Upon such finding, the Eighth Circuit determined this court erred when it found that

because the indictment did not contain facts necessary to support enhancements under

U.S.S.G. §§ 2B1.1(b)(1)(C) and 2B5.1(b)(5) ("enhancements"), the court could not increase

Oaki's sentence.  *Id.* at 851.  The Eighth Circuit noted that if this court granted both

enhancements, the increased sentence would not exceed the statutory maximum sentence. *Id.* Additionally, the Eighth Circuit found this court incorrectly calculated the advisory guideline when it required the government to prove the facts supporting the enhancements beyond a reasonable doubt. *Id.* at 852. The Eighth Circuit held that U.S.S.G. § 6A1.3 requires this court to apply guideline enhancements proven by a preponderance of the evidence. *Id.* The Eighth Circuit further determined the court erred when it did not adopt the facts alleged in the presentence investigation report. *Id.* at 853. The Eighth Circuit found defendant admitted factual allegations in the presentence investigation report when he failed to make objections to the specific facts supporting each enhancement. *Id.* As such, the Eighth Circuit vacated defendant's sentence and remanded the action to this court for resentencing. *Id.*

Federal Rule of Criminal Procedure 43 requires a defendant's presence at sentencing unless "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Rule 35(a), in turn, permits a district court to correct a sentence imposed as a result of "arithmetical, technical, or other clear error," but "a sentencing proceeding being conducted on remand by an appellate court under Rule 35(a) would continue to require the defendant's presence." Fed. R. Crim. P. 43 advisory committee's note on 1998 amendments. Rule 35(b) allows for reduction of a sentence upon the government's motion to reflect defendant's substantial assistance, and 18 U.S.C. § 3582(c) applies to modification of a term of imprisonment on motion from the Bureau of Prisons or for retroactive changes to the Sentencing Guidelines by the United States Sentencing Commission. These circumstances are not present in this case.

"If a sentence is set aside and the case remanded for resentencing, the presence of the defendant is necessary."  3B Charles Alan Wright, et al., Federal Practice and Procedure § 722 (3d ed. 2006); *United States v. Moree*, 928 F.2d 654, 656 (5th Cir. 1991) (a defendant's rights to be present and to allocute at sentencing, which are of constitutional dimension, extend to resentencing proceedings); *United States v. Moss*, 614 F.2d 171, 176 (8th Cir. 1980) (defendant should appear personally for resentencing to protect defendant's rights and insure defendant is fully aware of the effect of the sentence); *Rust v. United States*, 725 F.2d 1153, 1154 (8th Cir. 1984), and *United States v. McClintic*, 606 F.2d 827, 828 (8th Cir. 1979) (acknowledging that Fed. R. Crim. P. 43 requires the presence of the defendant where the sentence is made more onerous, or where the entire sentence is set aside and the cause remanded for resentencing); *Brager v. United States*, 527 F.2d 895, 899 (8th Cir. 1975) ("if the judge determines that the defendant will have to be resentenced, the latter's presence in court for resentencing will generally be required"); *Mayfield v. United States*, 504 F.2d 888, 889 (10th Cir. 1974) (defendant's presence required at resentencing following remand); *Paul v. United States*, 734 F.2d 1064, 1066-67 (5th Cir. 1984) (the defendant is guaranteed the right to be present at resentencing).

Federal Rule of Criminal Procedure 43(c) allows a district court to sentence a defendant in absentia where defendant's absence was voluntary.  A deportee, by definition, does not leave the country voluntarily.  *United States v. Suleiman*, 208 F.3d 32, 40 (2d Cir. 2000).  Although defendant could presumably be paroled back into the United States for his resentencing hearing had he requested to be present, *see, e.g.*, *United States v. Londono*, 100 F.3d 236, 239 (2d Cir. 1996), the record before this court does not indicate whether

defendant had been advised or otherwise knew of this option.[1]  Nor is there any suggestion

that the defendant deliberately and voluntarily forfeited his right to be present for his

resentencing.  *See United States v. Arrous*, 320 F.3d 355, 360-361 (2d Cir. 2003).

In its brief, the government cited the following cases supporting the justiciability of

an appeal where a deported defendant had served his sentence: *United States v.

Valdez-Gonzalez*, 957 F.2d 643, 647 (9th Cir. 1992) (appeal not moot because the

government could seek the extradition of defendants or because the defendants could face

further proceedings upon reentering the country);[2] *United States v. Plancarte-Alvarez*, 366

F.3d 1058, 1063-1064 (9th Cir. 2004) (appeal not moot because defendant might return to

the United States); *United States v. Alvarez-Pineda*, 258 F.3d 1230, 1235 (10th Cir. 2001)

(defendant's completion of sentence "does not moot the appeal because the government

still alleges a remediable injury: the trial court's failure to impose the appropriate sentence

pursuant to statute or the sentencing guidelines"); *United States v. Diaz-Diaz*, 135 F.3d 572,

578 (8th Cir. 1998) (the Eighth Circuit agreed with the Second, Sixth, and Ninth Circuits that

"the deportation of a defendant who has completed his sentence does not automatically

moot the government's appeal of a downward departure in sentencing"); and *United States

v. Villamonte-Marquez*, 462 U.S. 579, 581 (1983) (following a reversal, the possibility exists

that defendants could be extradited and imprisoned for their crimes, or if defendants

---

[1]In his brief, defendant argues it is unlikely the government will seek defendant's extradition to "extract a few more months of incarceration before once again deporting him back to Ghana."  Filing No. 68.

[2]According to the Ninth Circuit, *Valdez* is no longer good law following a 1990 amendment to the sentencing guidelines.  *United States v. Delgadillo*, 1995 U.S. App. LEXIS 4537 (9th Cir. 1995).

5

manage to re-enter the United States on their own they would be subject to arrest and imprisonment for their convictions)).

Premised on such case law, the government states that the issue raised by this court "has already been decided by the Circuit herein [see attached order]." Filing No. 66 (brackets in the original). The court does not find the government's brief instructive or relevant to the issue of whether this court can resentence a deported defendant. The Eighth Circuit denied the defendant's motion to dismiss and cited *Diaz-Diaz* when it determined the government's appeal of defendant's sentence was not moot. Although the Eighth Circuit reversed this court's previous findings and remanded for resentencing, the Eighth Circuit's opinion in this case has not resolved whether this court can now resentence the defendant.

In *Valdez-Gonzalez*, the Ninth Circuit noted "any decision other than one affirming the lower court would necessitate resentencing, and possibly preparation of a new presentence report. Whether such proceedings should or could be carried on during a defendant's absence is a question not presently before us." *Valdez-Gonzalez*, 957 F.2d at 647 n.1. The Eighth Circuit also declined to advance a remedy in the later case of *Diaz-Diaz*: "Whether an alien defendant who has completed his sentence and has been deported may be resentenced in absentia by the district court, pursuant to a reversal of his sentence on appeal, is a question we need not now address." *Diaz-Diaz*, 135 F.3d at 579.

Alternatively, the Tenth Circuit in *Alvarez-Pineda* reversed and remanded for resentencing "at such time as [defendant's] presence is secured." *Alvarez-Pineda*, 258 F.3d at 1233. The court noted that "[w]hen (or if) [defendant] is re-sentenced, the sentencing court is free to reconsider the sentencing package de novo, except as it is bound by the law

of the case." *Id.* at 1241 (internal quotations omitted).  It is the Second Circuit's decision

in *Suleiman* that advances the most instructive remedy:

> Since resentencing now is not available, the normal remedy of vacating the sentence and remanding for resentencing has the potential for undesirable and even mischievous results.  Such a remand would leave the case for perhaps an extended period of time in the jurisdictional limbo of the District Court's suspense calendar, and during that interval, the defendant would be able to assert that the sentence previously imposed has been vacated.  To avoid these consequences, we will affirm the judgment of the District Court but do so without prejudice to an application by the Government to the District Court to vacate that judgment and resentence Suleiman in accordance with this opinion within 90 days after such time, if ever, as the Government knows or reasonably should know that Suleiman is in this country and available for resentencing in accordance with Fed. R. Crim. P. 43.

*United States v. Suleiman*, 208 F.3d 32, 41 (2d Cir. 2000).

> The Ninth Circuit references *Suleiman* and upholds the same resolution:

> Ordinarily, we would vacate the sentence imposed by the district court and remand for resentencing.  However, the district court cannot resentence Plancarte-Alvarez at this time because the government has deported him and, unless he returns to the United States, he will not be present for sentencing as required by Rule 43(a) of the Federal Rules of Criminal Procedure.  In view of this circumstance, we conclude that the more prudent course of action is that taken by the Second Circuit in *Suleiman*, 208 F.3d at 41.  Consistent with that approach, we affirm the sentence imposed by the district court, but do so without prejudice to an application by the government to the district court to vacate Plancarte-Alvarez's sentence and resentence him in accordance with this opinion.  The government must make such an application 'within 90 days after such time, if ever, as the government knows or reasonably should know that [Plancarte-Alvarez] is in this country and available for resentencing in accordance with Fed. R. Crim. P. 43.'  *Id.*

*Plancarte-Alvarez*, 366 F.3d at 1065 (brackets in the original).

   IT IS ORDERED:

   1.  This case is dismissed without prejudice to an application by the government

to the court to resentence Okai in accordance with the Eighth Circuit's opinion in this case.

2. The government must make such an application within ninety (90) days after such time, if ever, as the government knows or reasonably should know that Okai is in this country and available for resentencing in accordance with Fed. R. Crim. P. 43.

3. The resentencing hearing previously scheduled for December 8, 2006, is canceled in light of the foregoing.

DATED this 22nd day of November, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge